Rumney<br>*v.*<br>Ellsworth.

ing the conveyance, yet for the purpose of ascertaining the damages to which a plaintiff may be justly entitled for the breach of the covenant of seizin in a deed, the true consideration may be shown, notwithstanding a different consideration is expressed in the deed. The plaintiff is therefore entitled to judgment for $100, and interest.

---

### OBADIAH SWASEY *versus* ROSWELL WILMOT.

In assumpsit on a promissory note for $55,11, the defendant filed a set-off in the court of common pleas, where the cause was tried and judgment rendered for the defendant, from which judgment the plaintiff appealed to this court where the cause was again tried and a verdict returned in favor of the plaintiff with $25,54 damages. It was held that the defendant was entitled to the costs of the appeal.

ASSUMPSIT upon a promissory note dated October 27, 1823, for $55,11, payable to J. Morse, or order, on demand with interest, and by Morse endorsed.

The action was commenced in the court of common pleas, where the same was tried upon the general issue with a notice of a set-off and a balance found by the jury, in favor of the defendant. Judgment was rendered in the common pleas upon the verdict from which judgment the plaintiff appealed to this court, where the case was tried at May term, 1827, and a verdict returned for the plaintiff for $25,54.

*J. Bell*, for the plaintiff, contended that the plaintiff was entitled to full costs. It has frequently been decided that where the sum recovered by a plaintiff was reduced below forty shillings by a set-off he ought still to be allowed full costs. These decisions under another statute seem to us to be directly in point. But if they are not we contend that this case is not within the spirit of the statute of 1824. This was a claim on the part of the plaintiff, independent of the set-off, sufficient to sustain the jurisdiction of this court. The defendant filed a set-off in the court

below, and on the trial there, the damages of the plaintiff were not reduced to nothing ; but the issue was found against him and damages awarded to the defendant on his set-off. The plaintiff could not review as his damages were necessarily laid above $50. He must therefore submit to the injustice done him or appeal. The taxation of costs against a plaintiff when he does not recover $50, is to punish him for taking an appeal when small damages only are in controversy, and he does not succeed. But in this case the damages and costs were both against the plaintiff in the court below.

*Goodall*, for the defendant, contended that the defendant was entitled to costs arising since the appeal, and he cited the case of *Gilman* v. *Burges*, 12 Mass. Rep. 206, as a case directly in point ; the provisions of the statute of Massachusetts of 1811, cap. 33, sec. 4, being precisely the same in substance with the provisions of our statute of 1824, cap. 73, sec. 4.

RICHARDSON C. J. The statute of 1824, cap. 73, sec 4, enacts "that any party aggrieved at any judgment, not rendered on default, of the court of common pleas, &c. may appeal therefrom to the next superior court, &c. and where any such appeal shall be made by any plaintiff and he shall not recover more than fifty dollars in the superior court of judicature, he shall not recover any costs on such appeal, but the defendant shall recover his costs and shall have a separate judgment therefor," and the question to be decided is, whether when a plaintiff appeals and his damages are reduced below fifty dollars by a set-off, the case is within this provision of the statute and the defendant is entitled to costs ? It is very clear that the decisions which have been made upon the statute authorizing the court to limit the costs, when less than forty shillings, is recovered in actions commenced in the court of common pleas do not apply in this case. It has been held that the provisions of that statute do not extend to cases where by reason of a set-off less than forty shillings has been re-

covered ; because when there are mutual demands between individuals to a considerable amount, and a small balance due to one, he to whom the balance is due cannot compel the other to try their mutual claims before a justice of the peace, and cannot know when he commences his action whether the defendant will avail himself of his demands as a set-off, or commence a separate action on his claims. If therefore the plaintiff were compelled to commence the action under such circumstances before a justice of the peace, the defendant might leave him to take judgment on his claims for such damages as a justice of the peace can give, and then bring an action on his own claims and recover the full amount. For this reason it has always been held that if the sum recovered by a plaintiff was reduced below forty shillings, by a set-off, the case was not within this provision of the statute.

But in the present case the set-off was filed in the court below before the trial, and the plaintiff when he took this appeal was well advised of the nature and extent of the defendant's claims, and a final judgment in this cause is necessarily a final adjudication upon those claims. It is therefore obvious that the grounds, on which the decisions to which we have alluded, rest, do not exist in this case.

The object of the provision in the statute on which the question now to be decided depends, was to confine the final decision of causes, where the debt due to the plaintiff did not amount to more than fifty dollars, to the court of common pleas, and it has made the question of costs depend upon the amount recovered by the plaintiff, and not upon the amount of the claims in controversy. Nor does the nature of the defence seem to be of any importance in the decision of the question of costs. It is in our opinion wholly immaterial, whether the amount recovered has been affected by a plea in bar of part of the plaintiff's demand, by proof of payment, or by a set off. For a set-off is nothing more than a payment by operation of law.

The language of the statute is clear and plain, the decision of the supreme court of Massachusetts, to which we have been referred, is directly in point, and we are of opinion that the defendant must be allowed the costs of the appeal.